MEHITABLE FOLSOM, administratrix, *vs.* MOSES CHAPMAN.

*Evidence.   Witness.*

Under R. S. c. 82, § 87, the defendant cannot introduce the testimony of the
    plaintiff's intestate, as given at a previous trial of the action, and then put
    himself upon the stand as a witness to contradict it.
A paper containing the items of a portion of the account annexed to the writ,
    placed in the hands of a witness on the stand, called by the "legal representa-
    tive of a deceased" party plaintiff for the sole purpose of refreshing the wit-
    ness' memory, is not so "used as evidence," within the meaning of R. S. c. 82,
    § 87, clause 4, as to authorize "the other party to testify in relation thereto."

ON EXCEPTIONS.

ASSUMPSIT on account annexed, the last five items of which were
for milk, delivered in quantities varying from sixty-two to one hun-
dred and ten gallons per month, in the months of May, June, July,
and August, 1864.

The action was tried at the October term, 1866, and again at the
October term, 1867, at both of which trials the plaintiff's intestate
was a witness and testified in his own behalf.

At the October term, 1871, the original plaintiff having deceased,
and the present plaintiff having been duly appointed administratrix
of his estate, appeared to prosecute. At the trial the plaintiff
called Lewis Folsom and Annie R. Thompson, children of Ephraim
Folsom, as witnesses, the latter of whom testified substantially that
she was living at her father's in May, 1864, and had charge of the
house in consequence of her mother's sickness; that defend-
ant contracted for her father's milk at twenty cents per gallon;
that she put it up for him and kept account of it, and he called for
it mornings on his way to Portland; that the account (account
shown to witness) is the one and is in her handwriting; and that
the price was raised by mutual agreement the latter part of August
to twenty-four cents.

During the cross-examination of the witness the counsel for the
defendant took the memorandum of account, which had been shown

Folsom *v.* Chapman.

to the witness for the purpose of refreshing her memory, exhibited to the jury and passed it into her hands.

The plaintiff rested his case; and though requested by defendant, declined to put in the testimony of Ephraim Folsom given at a previous trial. Thereupon the defendant read it to the jury and then offered to read his own testimony given at the same time, but the presiding judge declined to receive it. The counsel for the defendant then offered him as a witness, and proposed to contradict by him the testimony of Ephraim Folsom which had been read by him to the jury; but the presiding judge ruled it inadmissible. Subsequently the defendant's counsel offered him as a witness to contradict the testimony of Annie R. Thompson, in regard to the paper or account kept by her and placed in her hands to refresh her memory, but the presiding judge excluded it. Whereupon the defendant alleged exceptions.

*S. C. Strout & H. W. Gage,* for the plaintiff.

*L. D. M. Sweat,* for the defendant.

APPLETON, C. J. At a former trial of this cause, Ephraim Folsom, the plaintiff's intestate, was a witness. The counsel for the defendant introduced his testimony as then given. Having introduced it, he offered the defendant as a witness to contradict it, but the court ruled his testimony inadmissible.

This was correct. The testimony of Folsom at a former trial was offered by the defendant. Having offered it, he did not thereby acquire the right to contradict it. It is sufficient, that the evidence was not in the form of a deposition. If it were, it may well be doubted whether the adverse party could, within R. S. 1871, c. 82, § 87, offer the deposition of his deceased opponent for the purpose of rendering his own testimony admissible when otherwise it would not be.

The defendant does not bring himself within any of the exceptions in § 87. *Kelton* v. *Hill,* 59 Maine.

The paper containing the charges of milk, the case specially

finds, was placed in the witness' hands to refresh her memory. It was not offered as evidence to the jury by the plaintiff's counsel, nor used as such. The evidence of the defendant was not, therefore, admissible under fourth case under § 87, which is as follows: "In an action by an executor, administrator, or other legal representative of a deceased person, in which his account books or other memoranda are used as evidence on either side, the other party may testify in relation thereto." The mere handing a paper to refresh the memory of a witness is not using it "as evidence on either side" so as to authorize the other party to testify in relation thereto. The books or memoranda must be used as specific pieces of evidence, and must be submitted to the court or jury as and for evidence.              *Exceptions overruled.*

KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.